**RECONSTRUCTION FINANCE CORPORATION v. ROVETTI et al.**

No. 2596.

District Court, D. Nevada.

March 2, 1936.

N. J. Barry, of Reno, Nev., and Brobeck, Phleger & Harrison, of San Francisco, Cal., for plaintiff.

W. M. Kearney, of Reno, Nev., for defendant M. L. Yori.

NORCROSS, District Judge.

This is an action upon a promissory note alleged to have been made, executed, and delivered by the defendant J. Rovetti on or about November 26, 1930, to the Reno National Bank, and thereafter, on or about June 14, 1932, assigned and delivered by said bank to plaintiff as collateral security and as a pledge for a loan in excess of the amount of said note, and that ever since plaintiff has held the same as pledgee, and now is the owner and holder of said note.

The note in question is dated November 26, 1930, for the principal sum of $10,000, payable on demand after date, signed J. Rovetti, and bearing the number 4333. On the reverse side of the note appear the signatures of the defendants Dora Rovetti and M. L. Yori. At the time of the assignment there was a balance due upon the principal of the note of $6,500, and three months' accrued interest.

Defendants filed a demurrer to the complaint, which was overruled and time given to answer. Defendants Rovetti failed to answer, and their defaults were entered. The defendant Yori filed an answer, and the controlling question in this case so far as his liability is concerned is pre-

sented upon the following paragraph of his answer: "This defendant denies that prior to or simultaneously with the execution and/or delivery of said promissory note, this defendant endorsed said promissory note, but in this connection the defendant alleges that a long time after the making, execution and delivery of the said note * * * the then cashier of the Reno National Bank requested this defendant to place his endorsement upon said note in order that the same would comply with certain regulations imposed by the examiner of national banks and stated to this defendant at said time that this defendant would not be called upon or expected to pay the said note; that the said endorsement was made without any consideration whatever flowing from the said Reno National Bank to this defendant and was made only at the request of said bank under the conditions hereinabove stated."

Testimony upon the part of the defendant was to the effect that the two defendant indorsers of the note did not so indorse the same until some time from a week to a month after its date and delivery to the bank by the maker, defendant J. Rovetti, at which time of delivery the money was paid or credit given thereon. Testimony to the contrary was given by officials of the bank.

It is unnecessary to consider the many conflicts in the testimony of the witnesses respecting acts and conversations occurring five years prior to the giving of the testimony. After such a lapse of time, human memory is not always reliable. There was submitted upon the part of plaintiff certain documentary evidence of the Reno National Bank which in the opinion of the court must be regarded as decisive of the question as to when the indorsements were made, and that they were made prior to the time the note was delivered and the payment thereon made or credit given. The document referred to is a leaf testified to as having been taken from the Loans and Interest Journal of the Reno National Bank; said journal being of the loose-leaf character. The said leaf is designated on one side as folio No. 375 and on the other side as folio No. 376. The folios are dated, respectively, November 26, 1930, and November 28, 1930. Each folio or page is divided into sides for "debits" and "cred-

its." On the debit side of the folios appears under the heading "Maker" the name or names of the maker or makers and the name or names of the indorser or indorsers. Other columns contain spaces designated "Date of Notes," "Note No.," and "Loans," the latter for the amount of the loan. The said exhibit on the page designated folio No. 375, and dated November 26, 1930, on the debit side contains a list of six notes totaling $69,-467.31, numbered consecutively 4333 to 4338, inclusive, and all designated as being of date "11–26–30," excepting one, No. 4337, the date of which is designated "11–13–30." With respect to this last-mentioned variation there was testimony to the effect that entries were made in the said journal from the notes themselves on the date they were received by the bank, regardless of the date which a particular note might bear. The entry respecting the note in suit as it appears in the said journal under the heading above mentioned occupies the first two lines, and reads:

"11–26–30/4333/J. Rovetti—End: Dora Rovetti/10000—
"M. L. Yori"

Concerning this exhibit counsel for defendant Yori, among other criticisms in his brief, says: "It will be noted that the names of the endorsees as they appear in the ledger sheet are squeezed in, so to speak, between the lines and it is apparent that the ink is of a different age than the name of the maker of the note on the preceding line."

This criticism is not apparent from an examination of the exhibit. Not only does it appear that the names of the indorsers are not "squeezed in" between the lines, but two lines are devoted to this note. The entry under the heading "Maker" respecting note No. 4333 reads as follows:

"J. Rovetti—End: Dora Rovetti
"M. L. Yori"

The space for entry under the heading "Maker" is two and one-half inches in length. In the case of two of the other five notes, the respective entries under the same heading contain more letters and spaces per line than the first line, the entry in question. It is also not apparent that the ink with which was written the names of the indorsers is of a different age. In fact, the entries re-

specting the six notes appear to be in the same handwriting without any material variation respecting either the pen or ink used by the person making the entry.

A witness for plaintiff testified to making the entries in question in the said journal; that they were made on the date indicated by the journal folio No. 375; that they were made from the original note on the date the note was put in the bank, and on that date witness saw the names of both the indorsers thereon; that defendant Yori's name was on the note November 26, 1930. The witness who had been an employee of the bank for more than ten years prior to the entry in question was at that time generally in charge of what was referred to as the "Note window." The testimony of the witness was not based upon any independent recollection of the particular entry, but upon the custom and practice of the office and the record as actually made.

■■■ There is also in the deposition of the assistant cashier that it was the "universal custom" of the bank that "the note would have to be complete with all signers and endorsers before the loan would be made." This testimony was objected to as being the conclusion of the witness and that the custom is not controlling. Evidence of banking custom is admissible, and, while evidence may be offered showing that it was not observed or followed in a particular transaction, nevertheless, where that question is in dispute, testimony respecting a banking custom or practice may be offered and considered as evidence. 17 C.J. 463, § 24.

It is further contended that the plaintiff "took this note after due date and is not a holder in due course so as to fasten liability upon Mr. Yori." Upon the face of the note and as a part thereof appears the following printed statement: "The endorsers, sureties, guarantors and assignors, severally waive presentation for payment, protest and notice of protest for nonpayment of this note, and all defenses on the ground of any extension of time of its payment that may be given by the holder or holders, to them or either of them, or to the maker thereof." Paton's Digest, vol. 2, p. 2090, § 3571a.

Plaintiff is entitled to judgment as prayed for. It is ordered that judgment be entered accordingly.